On each of these causes the Court held that under the code of procedure of 1848, they had no authority to' review a determination *of the supreme court where there was no hill of exceptions or special verdict. The suits were all actions at law, commenced in the supreme court before the code took effect, but the judgment in each case was rendered after that time.
In the first cause, it appeared that a trial was had in October, 1848, without á jury, according to the 80th section of the judiciary apt. (/S'tat. 1847, p. 345.) The justice of the supreme court, holding the circuit, decided in favor of the defendants. The plaintiff made a case detailing the evidence, but containing no exception to any decision made on the trial, and on (hat moved the supreme court at general term in January, 1849, for a new trial. That court refused a new trial, and rendered judgment for the defendants. The case was incorporated into the record, and the plaintiff appealed to this court. The appeal was dismissed on motion.
In the second case, a verdict for the plaintiff had been taken at the circuit, subject to the opinion of the supreme court, on a case to be made. A case was made, and the supreme court at a general term after the code took effect, gave judgment thereon for the defendant. The plaintiff appealed from that order. When the cause was moved for argument on the appeal, this sourt held that they-had no right to look into the case, and the cause was thereupon allowed to stand over to enable the plaintiff to move in the supreme court, for leave to turn the case into a bill of exceptions.
In the third case, the cause had been tried before a referee, who reported in favor of the plaintiff. The defendant made a tase containing the evidence, and moved the supreme court to *190 set aside the report. That court denied the motion, and gave judgment for the plaintiff. The defendant appealed, and brought up the same case which had been used in the • court below. The court said that the code had not altered the mode of reviewing cases of this kind. A case should have been settled in the supreme court, and inserted in the record, stating facts, and not the mere evidence of facts, so as to present nothing but questions of law to the appellate court. The case so settled, they said, is in the nature of a bill of exceptions as to the decisions of the referee in reviewing or rejecting evidence; *and as to the merits, it is in the nature of a special verdict. (11 Wend. 417; 17 id. 169; 20 id. 663.) Appeal dismissed.
In the fourth case, it appeared that on the trial at the circuit the plaintiff was nonsuited, but had leave to make a case with the privilege of turning it into a bill of exceptions. A case was made on which the supreme court denied a motion for a new trial, and rendered judgment for the defendant. The plaintiff caused the case to be inserted in the record, where it was called a bill of exceptions, but it had not in fact been turned into a bill of exceptions. On the argument of the appeal, this court held that the case should have been actually turned into a bill of exceptions, and signed and sealed as such by the judge who tried the cause. Without therefore looking at the merits as presented in the case, the court affirmed the judgment.